IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-00977-REB-KLM

WILLIAM NANCE, et al. [sic],

    Plaintiff,

v.

JOE STOMMEL, et al. [sic],

    Defendant.
_____

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on **Defendants' Combined Motion to Dismiss and Memorandum Brief in Support of Motion to Dismiss** [Docket No. 13; Filed August 28, 2008] (the "Motion to Dismiss"). Plaintiff failed to file a response to the Motion to Dismiss despite being given nearly two months to do so [Docket No. 15]. Regardless, because Plaintiff is proceeding *pro se*, the Court gives Plaintiff the benefit of liberal pleading interpretation. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court is not Plaintiff's advocate and must nevertheless dismiss his case if circumstances warrant that outcome. *See Hall*, 935 F.3d at 1110.[1]

---

[1] While some district court local rules within the Tenth Circuit authorize dismissal based solely on a failure to respond, the District of Colorado Local Civil Rules do not specify that failure to respond to a motion may be deemed as consent to its entry. *Cf.* D.C.N.M. L. Civ. R. 7.5(b); D.C. Kan. L. Civ. R. 7.4. In any event, when dealing with a *pro se* plaintiff, the Tenth Circuit has held that it is error to dismiss based solely on the *pro se* plaintiff's failure to respond without also considering the merits of the motion. *Persik v. Manpower, Inc.*, 85 Fed. Appx. 127, 130 (10th Cir. Dec. 31, 2003) (unpublished decision).

The Court has reviewed the Motion to Dismiss, the case file, and applicable case law and is sufficiently advised in the premises. For the reasons provided below, I respectfully recommend that the Motion to Dismiss [#13] be **GRANTED**.

## I. Background

Plaintiff's case arises from his alleged mistreatment while incarcerated by the Colorado Department of Corrections ("CDOC"), specifically at the Fremont Correctional Facility. On May 12, 2008, Plaintiff filed a case against Defendant Joe Stommel, the former program administrator of the CDOC sex offender treatment program [Docket No. 2]. In his complaint, although it is not entirely clear, he appears to alleges a single claim regarding an alleged Fifth Amendment violation of his right against self incrimination. *Complaint* [#2] at 4. He claims that he was impermissibly denied participation in the CDOC's sex offender treatment program and his incarceration was unnecessarily prolonged because he refused to take a compulsory polygraph test and admit that he was a sexual offender. Specifically, he argues that "[t]he polygraph condition mandated by the [program] violates plaintiff's Fifth Amendment rights because the condition requires [sic] to answer incriminating questions and failure to do so induces immediate termination from treatment, thus extending the term of imprisonment." *Id.* at 13. He seeks injunctive relief, compensatory damages, and costs.

In the Motion to Dismiss, Defendant Stommel moves to dismiss Plaintiff's complaint on several substantive grounds. *Motion to Dismiss* [#13] at 3-9. Defendant argues that Plaintiff's claim against him should be dismissed for failure allege personal participation, a physical injury, or a cognizable Fifth Amendment claim. Defendant also asserts that he is entitled to qualified immunity. *Id.* at 9-11. Plaintiff did not timely respond, despite being

given an extension of time to do so [Docket No. 15]. Although he moved for an extension of time to respond [Docket No. 16], his Motion was untimely, and the Court determined that an extension would not further the interests of justice.

## II. Analysis

### A. Standard of Review

The purpose of a motion dismiss pursuant to Fed. R. Civ. P. 12(b)(1) is to test the jurisdictional basis for Plaintiff's complaint. When reviewing a facial attack on a complaint, the Court accepts the allegations of the complaint as true. *Holt v. United States*, 46 F.3d 1000, 1002 (10th 1995). Here, Defendant asserts that the Court lacks subject matter jurisdiction over Plaintiff's official capacity claim seeking money damages because such a claim is barred by the sovereign immunity doctrine. As such, taking Plaintiff's allegations as true, the complaint must sufficiently allege that the case is properly within the subject matter jurisdiction of the Court to survive this stage of the pleadings.

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test "the sufficiency of the allegations within the four corners of the complaint after taking those allegations as true." *Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994). To survive a Rule 12(b)(6) motion, "[t]he complaint must plead sufficient facts, taken as true, to provide 'plausible grounds' that discovery will reveal evidence to support the plaintiff's allegations." *Shero v. City of Grove, Okla.*, 510 F.3d 1196, 1200 (10th Cir. 2007) (citing *Bell Atl. Corp. v. Twombly*, __ U.S. __, 127 S. Ct. 1955, 1974 (2007)). "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for

which relief may be granted." *Sutton v. Utah State Sch. for the Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999) (citation omitted). Defendant's allegation that Plaintiff has failed to state a claim pursuant to the Fifth Amendment is reviewed under this standard.

Finally, as noted above, the Court must construe the filings of a *pro se* litigant liberally. *See Haines*, 404 U.S. at 520-21; *Hall*, 935 F.2d at 1110. However, the Court should not be the *pro se* litigant's advocate, nor should the Court "supply additional factual allegations to round out [the *pro se* litigant's] complaint or construct a legal theory on [his or her] behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citing *Hall*, 935 F.2d at 1110). In addition, *pro se* litigants must follow the same procedural rules that govern other litigants. *Nielson v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994).

### B. Official Capacity Claim

Plaintiff seeks compensatory damages against Defendant Stommel, who, at the time of his alleged conduct, was an officer and agent of the State of Colorado. *Complaint* [#2] at 2. Although not clear, it appears that Plaintiff seeks to hold Defendant liable in both his individual and official capacities. Defendant asserts that he is immune from liability for compensatory damages in his official capacity. *Motion to Dismiss* [#13] at 3-4.

A suit against state employees in their official capacities is considered to be a suit against the state itself. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). The Eleventh Amendment protects states and their agents from suits for damages in their official capacities. *Fent v. Okla. Water Res. Bd.*, 235 F.3d 553, 558-59 (10th Cir. 2000). Further, "[n]either states nor state officers sued in their official capacity are 'persons' subject to suit under section 1983. [Plaintiff] therefore may not seek damages from [state officials] in [their] official capacity." *Duncan v. Gunter*, 15 F.3d 989, 991 (10th Cir. 1994).

Accordingly, to the extent that Plaintiff seeks compensatory damages against Defendant in his official capacity, his claim must be dismissed.

However, Plaintiff is also asserting claims for injunctive relief. Such a claim is not barred. *See Green v. Mansour*, 474 U.S. 64, 68 (1985) (noting "that the Eleventh Amendment does not prevent federal courts from granting prospective injunctive relief to prevent a continuing violation of federal law"); *Neiberger v. Hawkins*, 70 F. Supp. 2d 1177, 1190 (D. Colo. 1999) (concluding that "federal jurisdiction over the individual Defendants in their official capacities for prospective [injunctive] relief is not barred by the Eleventh Amendment and is instead allowed under the *Ex Parte Young* exception"). The propriety of Plaintiff's request for injunctive relief turns on whether Plaintiff may proceed with his claim regarding an alleged Fifth Amendment violation. *See infra* Part II.E.

### C. Physical Injury

Defendant Stommel also argues that Plaintiff's request for compensatory damages against him in his individual capacity is barred by the Prison Litigation Reform Act ("PLRA"). *Motion to Dismiss* [#13] at 5-6. He relies on subsection (e) of the PLRA, which states: "No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). Pursuant to 42 U.S.C. § 1997e(e), Plaintiff's "suit cannot stand unless [he] has suffered a physical injury in addition to mental or emotional harms." *Perkins v. Kan. Dep't of Corr.*, 165 F.3d 803, 807 (10th Cir. 1999); *see also Searles v. Van Bebber*, 251 F.3d 869, 876 (10th Cir. 2001) (holding that § 1997e(e) bars compensatory "damages for mental and emotional injuries in the absence

5

of physical injury").[2]  Here, Plaintiff asserts a claim for "compensatory damages in the amount of $225,000, for emotional, mental and physical anguish . . . ."  *Complaint* [#2] at 16.  However, Plaintiff does not request compensatory damages for a physical injury.  As such, to the extent that Plaintiff seeks compensatory damages, his claim must be dismissed pursuant to § 1997e(e) .

However, Plaintiff's failure to state a claim for compensatory damages does not bar Plaintiff's case.  The PLRA's physical injury requirement is only applicable to Plaintiff's request for money damages.  The limitations of the PLRA do not apply and would not serve to preclude the request for injunctive relief that Plaintiff asserts.  *See Perkins*, 165 F.3d at 808 (holding that "§ 1997e(e) [does] not bar claims for injunctive relief").

### D.  Personal Participation

Evidence of a party's personal participation in an alleged constitutional violation is essential to proceeding with a § 1983 claim against that party.  *Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976).  Here, Plaintiff's complaint wholly fails to allege any conduct attributable to Defendant Stommel.  The only mention of Defendant Stommel is in the caption and in the list of parties where Plaintiff indicates that Defendant is the head of the Colorado sex offender treatment program.  To the extent that Plaintiff seeks to hold Defendant liable for the conduct of officers at the Fremont Correctional Facility in enforcing the policies of the Colorado sex offender treatment program, it appears that he is seeking to impose supervisor liability on Defendant.

---

[2] The Court notes that the constitutionality of § 1997e(e) has been called into question.  *See Siggers-El v. Barlow*, 443 F. Supp. 2d 811, 816 (E.D. Mich. 2006).  The Court declines to address the constitutionality of this statute except to note that at present, the clear language of § 1997e(e) is controlling in the Tenth Circuit.  *See Searles*, 251 F.3d at 876.

Plaintiff's complaint must be based upon more than the mere allegation that because an individual is a supervisor, he is also responsible for Plaintiff's alleged injuries. *Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *see also Woodward v. City of Worland*, 977 F.2d 1392, 1399-00 (10th Cir. 1992) (noting that in order to plead the liability of a supervisor, a plaintiff must show he knew plaintiff's rights were being violated but did not prevent it); *Benglen v. Zavaras*, 7 F. Supp. 2d 1171, 1173-74 (D. Colo. 1998) (requiring an "affirmative link" between supervisor's own conduct and the alleged violation). "Because 'mere negligence' is not enough to hold a supervisor liable under § 1983, a plaintiff must establish that the supervisor acted knowingly or with deliberate indifference that a constitutional violation would occur." *Serna v. Colo. Dep't of Corr.*, 455 F.3d 1146, 1151 (10th Cir. 2006) (quoting *Green v. Branson*, 108 F.3d 1296, 1302 (10th Cir. 2006)).

Given that Plaintiff has failed to allege any personal participation of Defendant Stommel, or allege an "affirmative link" between any conduct attributable to him and Plaintiff's alleged injury (other than Defendant's status as the then-head of the Colorado sex offender treatment program), Plaintiff has not satisfied his pleading burden. *See Jojola v. Chavez*, 55 F.3d 488, 490 (10th Cir. 1995). As such, at a minimum, the claim asserting liability against Defendant Stommel in his individual capacity should be dismissed due to Plaintiff's failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6).

Moreover, assuming that Plaintiff is entitled to pursue claims for injunctive relief, he has failed to name a defendant in his official capacity who can be enjoined or required to act in satisfaction of Plaintiff's request. Defendant Stommel is no longer employed by the CDOC, and Plaintiff has not named the CDOC or another defendant who could be enjoined

in a decision favorable to Plaintiff.  *See Motion to Dismiss* [#13] at 1.  Although amendment of Plaintiff's complaint may be called for under this scenario, the Court does not recommend that Plaintiff be given the opportunity to amend his complaint given the Court's conclusion about the merits of his Fifth Amendment claim.  *See infra* Section II.E.

### E.     Merits of Plaintiff's Fifth Amendment Claim

As a preliminary matter, to the extent that Plaintiff asserts that Defendant Stommel's conduct amounts to mere negligence, his complaint is insufficient.  His allegation that Defendant is liable for "the negligent and unnecessary containment that's well past the minimum time served," does not go far enough to plead a constitutional injury pursuant to § 1983.  *Complaint* [#2] at 16; *see, e.g.*, *Daniels v. Williams*, 474 U.S. 327, 330-36 (1986).  "Mere negligent actions . . . [are] not actionable under § 1983."  *Sevier v. City of Lawrence, Kan.*, 60 F.3d 695, 699 & n.7 (10th Cir. 1995).  This is true because "injuries inflicted by governmental negligence are not addressed by the United States Constitution."  *Daniels*, 474 U.S. at 333; *see also Medina v. City & County of Denver*, 960 F.2d 1493, 1500 (10th Cir. 1992) ("[N]egligence and gross negligence do not give rise to section 1983 liability.").  As such, "liability under § 1983 must be predicated upon a 'deliberate' deprivation of constitutional rights by the defendant."  *Woodward v. City of Worland*, 977 F.2d 1392, 1399 (10th Cir. 1992) (quoting *City of Canton v. Harris*, 489 U.S. 378, 389 (1989)).  Consequently, to the extent that Plaintiff's complaint merely asserts negligent conduct, Plaintiff has failed to state a claim pursuant to § 1983 such that his complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

However, the heart of Plaintiff's claim revolves around whether his Fifth Amendment right against self incrimination was violated when he refused to admit his guilt and therefore

was not eligible to participate in the Colorado sex offender treatment program and accrue good-time credits at a faster rate. Specifically, Plaintiff contends that "being bereaved of his privilege [to participate in the program, he] will be deprived of good time . . . thus extending his term of incarceration." *Complaint* [#2] at 10. He also claims that the inability to earn "'good time' credits from an inmate implicates a protected interest." *Id.* On this issue, the law in the Tenth Circuit is clear. Such an allegation does not state a constitutional claim. Ruling on a nearly identical claim involving the Colorado sex offender treatment program, the Tenth Circuit held that Plaintiff

> was faced with a choice between the opportunity to earn credits at the higher rate or declining that opportunity by refusing to participate in the treatment program and thereby avoiding the requirement that he admit to committing a sex offense. "The pressure imposed upon [Plaintiff] . . . d[id] not 'rise to the level where it was likely to compel a person to be a witness against himself.'"

*Wirsching v. Colorado*, 360 F.3d 1191, 1203 (10th Cir. 2004) (quoting *Searcy v. Simmons*, 299 F.3d 1220, 1227 (10th Cir. 2002) (quoting *McKune v. Lile*, 536 U.S. 24, 49 (2002))). Moreover, because the Constitution does not guarantee good-time credits, *Wolff v. McDonnell*, 418 U.S. 539, 557 (1974), and Plaintiff is not entitled to earn good-time credits pursuant to Colorado law, *Duncan v. Gunter*, 15 F.3d 989, 992 (10th Cir. 1994), the impact of the CDOC's policy requiring an admission of guilt before being given the opportunity to earn good-time credits at a higher rate does not unconstitutionally prolong an inmate's sentence or implicate a constitutional right. *Wirsching*, 360 F.3d at 1203-04.[3]

---

[3] Moreover, to the extent that Plaintiff contends that the Colorado sex offender treatment regulations are unconstitutional, the conclusion that actions taken pursuant to such regulations do not lead to compulsion "negates any need to enter into a [rational-basis] balancing analysis under *Turner v. Safely* . . . ." *Searcy*, 299 F.3d at 1227 n.4 (citing *Turner v. Safley*, 482 U.S. 78, 79 (1987)).

The Tenth Circuit reached a similar conclusion in *Searcy*, holding that the denial of good-time credits, when the prisoner refused to admit guilt to participate in the sex offender treatment program, did not (1) amount to constitutionally impermissible compulsion pursuant to the Fifth Amendment or (2) create an unconstitutional result. *Searcy*, 299 F.3d at 1226. Specifically, the Court noted that the inmate's inability to accrue good-time credits at a faster pace upon admission to the Kansas sex offender program "does not so much describe compulsion as it does display the consequences of Mr. Searcy's own individual choice." *Id.* (noting that the choice was either "take advantage of the benefit [that the state was under no obligation to provide] . . . or turn down that benefit in order to avoid what [the inmate] feared, perhaps legitimately, would be self-incriminating statements"). Moreover, the Court finds Plaintiff's argument here particularly strained because Plaintiff pled guilty to the commission of a sexual offense, which required an admission of guilt at the time of his conviction. *See Complaint* [#2] at 3.

Even if Plaintiff had adequately alleged the personal participation of Defendant Stommel in the acts alleged in his complaint and Plaintiff could state a plausible constitutional violation at this stage, Defendant would be entitled to qualified immunity in his individual capacity because the law was not clearly established that the conduct at issue was illegal. *See generally Romero v. Fay*, 45 F.3d 1472, 1475 (10th Cir. 1998) ("[P]laintiff must articulate the clearly established constitutional right and . . . 'a substantial correspondence between the conduct in question and prior law . . . establishing that the defendant's actions were clearly prohibited.'" (citation omitted)). Indeed, the law in existence at the time of Plaintiff's alleged constitutional injury clearly established that such conduct did not violate an inmate's Fifth Amendment rights. *See, e.g.*, *Wirsching*, 360 F.3d

at 1203.

Accordingly, for the reasons given above, the Court recommends that Plaintiff's Fifth Amendment claim be dismissed.

### III. Conclusion

For the reasons stated above, the Court RECOMMENDS that the Motion to Dismiss be **GRANTED**, and Plaintiff's complaint be **dismissed**. Even if Plaintiff were given leave to amend his complaint to assert a claim against an individual who personally participated in conduct that led to an alleged cognizable injury, or an entity or individual who had the authority to provide him with the relief requested, Plaintiff is not entitled to relief. **Accordingly, the Court does not recommend that Plaintiff be given an opportunity to amend his complaint.**

IT IS FURTHER **ORDERED** that pursuant to Fed. R. Civ. P. 72, the parties shall have ten (10) days after service of this Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. A party's failure to serve and file specific, written objections waives *de novo* review of the Recommendation by the District Judge, Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. *Makin v. Colo. Dep't of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996). A party's objections to this Recommendation must be both timely and specific to preserve an issue for *de novo* review by the District Court or for appellate review. *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated: October 24, 2008

BY THE COURT:

s/ Kristen L. Mix
U.S. Magistrate Judge
Kristen L. Mix